UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRYANT CLARK, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:18-cv-02248-SEB-MPB |
| KEITH BUTTS, | ) ) ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Bryant Clark's petition for a writ of habeas corpus challenges his conviction in a prison disciplinary proceeding identified as NCF 18-01-0038. For the reasons explained in this Entry, Mr. Clark's petition must be **denied.**

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1 ) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

NCF 18-01-0038 is based on the following conduct report written by Sergeant D. Patton on January 5, 2018:

> On the above date and time I Sgt. D. Patton was conducting a search of offender Clark #989141 bed and property. During the search I did locate a small clear bottle of clear & safe oil marked myrrh. The oil was located inside of a small grey property box with mail and other property with offender Clark's information on it. The offender was advised of the conduct report. The oil did test positive for K-2/spice, synthetic marijuana. The test was completed by Investigator Joseph.

Dkt. 12-1.

On the afternoon of January 5, Investigator Joseph sent the following message to several members of the prison staff by e-mail:

> On 1/5/2018 at approximately 0945hr, Sgt D Patton was conducting a bed search of E4-220 assigned to inmate Clark, Bryant #989141 when he found a bottle of yellow liquid inside inmate Clark's property box. At 1455hr, Internal affairs received the liquid and Investigator S. Joseph conducted a test on the liquid using the NARK II field testing kit. The liquid tested positive for Synthetic Cannabinoids (K2). A conduct report will be issued for inmate Clark, Bryant #989141 for B-202 "Possession or Use of Controlled Substance."

Dkt. 12-2 at 4. The subject of Investigator Joseph's e-mail is "Contraband Clark, Bryant #989141 – Synthetic Cannabinoids." *Id.*

The respondent has presented photographs showing a document prepared by Sergeant Patton and featuring Mr. Clark's identifying information along with a "Clear & Safe" prayer oil container and a field test for synthetic cannabinoids. *See id.* at 1–3. The items in the photographs match the descriptions in Sergeant Patton's conduct report and Investigator Joseph's e-mail, and the field test appears to indicate a positive result. *See id.* at 1–4; dkt. 12-1.

On January 8, 2018, Mr. Clark received a screening report notifying him that he was charged with use or possession of a controlled substance in violation of Code B-202 of the Indiana Department of Correction's (IDOC) Adult Disciplinary Process. Dkt. 12-3. At screening, Mr.

Clark requested that the oil be sent to an outside facility for further testing. *Id.* The disciplinary hearing officer denied that request as unreasonable. *Id.*

Mr. Clark was found guilty at a disciplinary hearing on January 9, 2018. Dkt. 12-5. In his defense, Mr. Clark stated that he purchased the oil from the commissary and that he does not use drugs. *Id.* He reiterated his request for outside testing, and the hearing officer again denied it. *Id.* The hearing officer's report indicates that he considered the conduct report, Investigator Joseph's e-mail, and the photographs of the prayer oil container and field test in reaching his decision. *Id.* The hearing officer assessed sanctions, which included deprivation of 90 days' earned credit time and a demotion in credit-earning class. *Id.* Mr. Clark appealed his conviction unsuccessfully. Dkts. 12-6, 12-7, 12-8.

### III. Analysis

Mr. Clark seeks habeas relief from his disciplinary conviction on two grounds: (1) that his request for outside testing of the oil was wrongly denied; and (2) that there was no chain of custody to verify that the substance Sergeant Joseph tested was the same substance confiscated from his property box.[1]

---

[1] The respondent has addressed a third argument—that Mr. Clark's charge was heard by one hearing officer instead of a three-member panel. *See* dkt. 12 at § I. Although the Court appreciates the respondent's liberal construction of the pro se petition and his diligent briefing, the Court finds that Mr. Clark has not asserted the absence of a three-member panel as a basis for habeas relief.

Mr. Clark's brief in support of his petition includes abstract discussions of several aspects of prison disciplinary proceedings. *See e.g.*, dkt. 2 at 3 (application of due process rights to takings of property and revocations of licenses); at 5 (confrontation and cross-examination procedures); at 7 (exhaustion of administrative remedies and procedural default). In this fashion, Mr. Clark's brief states that "[a] State Prison adjustment committee should be comprised of three (3) impartial parties" and discusses functions and operations of a hypothetical committee. *Id.* at 5.

Mr. Clark does not argue that he was denied due process because his charge was heard by one officer; in fact, his discussion of adjustment committees does not discuss his case at all. Although the Seventh Circuit has repeatedly guided district courts to construe pro se filings liberally, *see, e.g.*, *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015), it also has repeatedly warned that "perfunctory and undeveloped arguments . . . are waived," *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) (internal quotations omitted).

A.   **Denial of Outside Testing**

Due process requires "prison officials to disclose all material exculpatory evidence" to an inmate in a disciplinary proceeding unless doing so "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). But "[p]rison administrators are not obligated to create favorable evidence or produce evidence they do not have." *Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017). As a result, there is no right to outside testing of evidence in a prison disciplinary hearing, and the hearing officer may generally rely on the result of a field test or an officer's identification of a substance based on training and experience. *See id.* (citing *Ellison*, 820 F.3d at 275; *United States v. Snapaw*, 366 F.3d 492, 496 (7th Cir. 2004)).

In this framework, Mr. Clark's request for outside testing is not a basis for habeas relief. The prison staff used a constitutionally acceptable method to determine the composition of the substance found in his property box. Although it is possible that a different test would have yielded a different result, due process did not require the prison staff to subject the substance to additional testing, even at Mr. Clark's request.

B.   **Chain of Custody**

Mr. Clark asserts that, following the search of his property, Sergeant Patton failed to complete a confiscation form required by prison policy. As a result, he argues, there is no way to be certain that the substance Investigator Joseph tested was the same substance found in Mr. Clark's property.

As a preliminary matter, whether Sergeant Patton complied with prison policies is irrelevant to Mr. Clark's habeas petition. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner,* 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not

cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis,* 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

Moreover, a defect in a chain of custody does not automatically amount to a due process violation that would undo a prison disciplinary conviction. *See Webb* v. *Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) ("We regard the two omissions in the documentary trail as significant, but not so material as to preclude prison officials from relying on the documents as evidence of Webb's marijuana usage."). So long as "some evidence" supports the hearing officer's decision, omissions in the chain of custody documentation do not deprive an inmate of due process. *Id.* at 653 (concluding that, despite omissions, "we cannot say that the toxicology report and chain of custody form fail to qualify as 'some evidence from which prison officials could conclude that Webb had used marijuana'").

Perhaps the prison staff could have done a more thorough job of documenting the confiscation of the prayer oil container and its movement through the prison. But plenty of evidence supports the hearing officer's conclusion that the prayer oil container found in Mr. Clark's property box contained a synthetic cannabinoid. Sergeant Patton's conduct report documents that he confiscated the container and sent it to Investigator Joseph, who administered a test that yielded a positive reaction. Dkt. 12-1. Investigator Joseph's e-mail documents that he

received the container and administered a field test that yielded a positive reaction. Dkt. 12-2 at 4. And the photographs of the prayer oil container, field test, and paperwork support the conclusion that Investigator Joseph tested the substance confiscated from Mr. Clark's property box. *See* dkt. 12-2. Therefore, Sergeant Patton's omission of the confiscation form does not undo the hearing officer's conclusion. *See Webb*, 224 F.3d at 652–653.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Mr. Clark's petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, Mr. Clark's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 6/11/2019

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRYANT CLARK
989141
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Aaron T. Craft
INDIANA ATTORNEY GENERAL
aaron.craft@atg.in.gov